## LOVE v. UNITED STATES.
### No. 5743.

United States District Court
E. D. Missouri, E. D.
Feb. 8, 1949.

Harold C. Ackert, of St. Louis, Mo., for plaintiff.

Drake Watson, U. S. Atty., of New London, Mo., William V. O'Donnell, Asst. U. S. Atty., of St. Louis, Mo., J. P. Wenchel (title unknown), Department of Justice, Washington, D. C., for defendant.

HULEN, District Judge.

I. That the plaintiff John A. Love is now and at all times hereinafter mentioned was a citizen and resident of St. Louis County, Missouri in the Eastern Division of the Eastern Judicial District of Missouri.

II. That under provisions of law then in force and or about the 14th day of March, 1941, the plaintiff filed his income tax return for the calendar year 1940 with the Collector of Internal Revenue at St. Louis, Missouri. That the Collector to whom said payment was then made is no longer in said office.

III. That the plaintiff herein paid income tax applicable to the year 1940 in the sum of $9,897.90, which said tax was paid in quarterly installments as follows to wit, $2,474.48 on March 15, 1941; $2,474.48 on June 14, 1941; $2,474.48 on September 15, 1941 and $2,474.46 on December 9, 1941.

IV. That included in the items of income reported by said taxpayer in said return was the sum of $16,900.76 received by said taxpayer as compensation for personal services rendered to Twin Cities Properties Inc., a Minnesota corporation.

V. That the personal services rendered by the plaintiff commenced in the month of April, 1934 and continued until the month of January, 1940.

VI. That the first payment received by the said plaintiff for such services was made in April, 1940 and that all payments for said services were made after all of such services had been completed.

VII. That the payment for the personal services above referred to was made solely for services rendered the plaintiff in con-

nection with extended litigation with the United States Government and referred to the enforcement of the claim of Twin Cities Properties, Inc., against the Government and such services and the payment made therefor were separate, distinct and independent of any other work or services that the plaintiff performed for said Twin Cities Properties, Inc. That on or about the 7th day of March, 1944 the plaintiff filed, his written claim for refund and that thereafter on or about the 13th day of February, 1946, the Commissioner of Internal Revenue rejected said claim for refund and duly notified the taxpayer of such rejection by registered mail.

VIII. Plaintiff when he filed his income tax return for the year 1940 included the entire amount of said compensation to wit, $16,900.76 as income in said year and made no attempt to pro-rate the same in accordance with the provisions of I.R.C. Sec. 107, 26 U.S.C.A. § 107, as it then existed. Revenue Act of 1939, § 220.

IX. For the purpose of computation only, and without any admission as to the merits of the questions involved, it was agreed that in the event the Court finds that the plaintiff is entitled to apply the provisions of I.R.C. Sec. 107, Revenue Act of 1939, § 220, that then the plaintiff is entitled to recover the amount sued for to wit, $2,857.69 with interest as provided by law and his costs in this action.

## Conclusions of Law.

I. The Court having found as a fact that the sum of $16,900.76 received by the plaintiff from Twin Cities Properties, Inc. in the year 1940 was paid to him for personal services rendered in connection with establishing a claim of said corporation against the United States Government and the Court having further found as a fact that said services covered a period of more than five years and the Court having further found as a fact that all payments made to plaintiff for said services were made after the completion of said services by the plaintiff it therefore follows that the plaintiff was entitled to apply the provisions of I.R.C. Sec. 107, Revenue Act of 1939, § 220(a).

II. That the plaintiff's correct tax liability for the year 1940, upon applying the provisions of I.R.C. Sec. 107, Revenue Act of 1939, § 220(a), was the sum of $7,040.21 and that thus and thereby the plaintiff over paid his correct tax liability for said year by the sum of $2,857.69.

III. That plaintiff is entitled to judgment against the defendant in the sum of $2,857.69 together with interest on $2,474.69 at statutory rate per annum from December 9, 1941 to date of judgment and with interest on the sum of $383.23 at statutory rate per annum from September 15, 1941 to date of judgment and for his costs herein expended.